[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 17, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14837
Non-Argument Calendar

_____

D. C. Docket No. 05-00025-CR-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEBRA ELAINE SHEPPARD JACOBS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(February 17, 2009)**

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

On November 10, 205, the district court, having accepted appellant's plea

of guilty to possession with intent to distribute methamphetamine, sentenced appellant to a prison term of 27 months and a three-year term of supervised release. On January 23, 2008, the court's probation office filed a petition for action on supervised release, alleging that she had violated the law, failed to participate in an approved substance abuse treatment program, and failed to give 10 days notice of a change in her address to officials. Before the court could act on the petition, a federal grand jury indicted appellant on substance abuse charges and for misprison of a felony. In a plea agreement, she pled guilty to the misprison offense and admitted that she had violated the conditions of her supervised release. Further, she acknowledged that a revocation sentence would be imposed consecutively to the sentence for misprison of a felony. In exchange for appellant's guilty plea and this acknowledgment, the Government agreed to drop the substance abuse charge.

The district court sentenced appellant to a prison term of 36 months on the misprison offense. The court revoked appellant's supervised release, finding that she had violated several of its conditions, and sentenced her to a consecutive prison term of 24 months.[1]   Appellant now appeals that sentence, arguing that the sentence is unreasonable.

We review a sentence imposed following the revocation of supervised

---

[1] The sentence range under the Guidelines was 4-10 months' imprisonment.

release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006). When considering reasonableness, we first review whether the district court committed a procedural error, such as incorrectly calculating the Guidelines, treating the Guidelines as mandatory, imposing a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. Gall v. United States, 552 U.S. ___, ___, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). If there are no procedural errors in the sentence, we "then consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. at , 128 S.Ct. at 597. Similarly, we review a district court's decision after revocation of supervised release to impose, as here, a sentence above the range recommended by Chapter 7 of the Sentencing Guidelines for abuse of discretion. United States v. Brown, 243 F.3d 1237, 1239 (11th Cir. 2000) (affirming imposition of 24 months incarceration where guidelines advised 11 months).

The district court is not required to explicitly state its consideration of the Guidelines, factors related to sentence, or all of its determinations with respect to a sentence as long as the record indicates the court's consideration thereof. See United States v. Aguillard, 217 F.3d 1319, 1320(11th Cir. 2000) (holding that the record where a court sentences pursuant to a revocation of a term of supervised release needs to provide "some indication" that the court was aware of and

3

considered the Guidelines when affirming imposition of 24 months incarceratio where the guidelines advised 3 to 9 months).

Section 3583 of Title 18 of the United States Code provides that a district court may revoke a term of supervised release and impose a sentence of imprisonment for the violation after considering factors set forth in 18 U.S.C. § 3553(a)(l), (a)(2)(B)-(D), and (a)(4)-(7). 18 U.S.C. § 3583(e). 18 U.S.C. § 3583(c). However, consideration of § 3553(a)'s factors is not required when revocation of supervised release is mandatory. Brown, 224 F.3d at 1241. Revocation of supervised release is mandatory if, among other things, the defendant possesses an illegal drug in violation of the conditions of supervised release. 18 U.S.C. § 3583(g)(1).

In this case, the district court imposed a reasonable sentence. The court was not required to consider § 3553(a)'s factors when determining its sentence because appellant's possession of methamphetamine mandated revocation of her term of supervised release. As required, the court consulted the Guidelines and correctly calculated the sentence range, considered the advisory Guidelines and Chapter Seven, and explained the sentence it imposed. In light of appellant's manufacturing and use of methamphetamine without regard to the danger to others within six months of her release from prison and her failure to attend drug

treatment programs (she is an admitted drug addict), the district court did not clearly err in finding the Guidelines sentence range to be inadequate and determining that the maximum statutory sentence was appropriate and reasonable.

AFFIRMED.